[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-11560

Non-Argument Calendar

_____

AUBRINA BOWENS,

                                      Plaintiff-Appellant,

*versus*

ESCAMBIA COUNTY BOARD OF EDUCATION,
JOHN KNOTT,

                                      Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:20-cv-00532-CG-B

Case 1:20-cv-00532-CG-B  Document 48  Filed 06/23/23  Page 2 of 13  PageID #: 966
USCA11 Case: 22-11560  Document: 26-1  Date Filed: 06/23/2023  Page: 2 of 11

2                    Opinion of the Court                    22-11560

_____

Before ROSENBAUM, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Aubrina Bowens appeals the district court's grant of summary judgment in favor of Plaintiff's former employer, the Escambia County Board of Education ("the Board"), and the Board's Superintendent, John Knott (collectively, "Defendants"). Plaintiff asserts against Defendants claims for race discrimination and retaliation, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"), and 42 U.S.C. § 1981. No reversible error has been shown; we affirm.

**I.**

Plaintiff (a black female) was hired by the Board in August 2016 as a non-tenured, probationary teacher. At that time, the Escambia County school system included three Alternative Programs for teaching students outside of the regular school setting: (1) the COMPASS program, designed for adjudicated students or students with mental health issues that prevented them from thriving in a regular classroom; (2) the STAR program, a pilot program for dropout-prevention; and (3) the Alternative School, a school site where students with disciplinary issues were assigned temporarily in lieu of expulsion or suspension. When Plaintiff was hired, the COMPASS and STAR programs were housed at the Escambia County High School and the Alternative School was housed in its

own building. Plaintiff was assigned to teach English Language Arts at the Alternative School.

At the end of the 2017-18 school year, the Board -- upon Knott's recommendation -- decided not to renew the contracts for the non-tenured teachers then-assigned to the three Alternative Programs. The non-renewed teachers included Plaintiff, Ashley Knowles (a white female), Farrah McGill (a white female), and Terrence Hall (a black male). The Board also removed the remaining two tenured teachers from their assignment with the Alternative Programs: Yolanda Walters was reassigned to a teaching position at the high school and Kellie Steele (a white female) resigned her employment with the school system.

For the 2018-19 school year, the Board combined and restructured the three Alternative Programs, including moving the location of all programs to the building that had previously housed the Alternative School. The Board posted the open teaching positions for the restructured programs. Plaintiff knew about the job postings; she did not apply for any of the available positions. Knowles was rehired to teach English Language Arts.

Plaintiff later filed this civil action. Plaintiff alleged that the Board's non-renewal of her teaching contract was motivated by unlawful race discrimination and retaliation.

The district court granted Defendants' motion for summary judgment. The district court determined that Defendants had identified a legitimate, nondiscriminatory reason for the non-renewal of Plaintiff's contract and determined that Plaintiff had failed

Case 1:20-cv-00532-CG-B   Document 48   Filed 06/23/23   Page 4 of 13   PageID #: 968
USCA11 Case: 22-11560   Document: 26-1   Date Filed: 06/23/2023   Page: 4 of 11

4                    Opinion of the Court                    22-11560

to show that Defendants' proffered reason was a pretext for race discrimination. About Plaintiff's claim for retaliation, the district court concluded that Plaintiff failed to establish a *prima facie* case because she had not shown that she had engaged in statutorily-protected activity. The district court also determined that Plaintiff had failed to show that Defendants' legitimate, non-retaliatory reason was pretextual.

## II.

We review *de novo* the district court's grant of summary judgment. *See Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006). "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party." *Id.* at 836-37.

As an initial matter, the district court cited to and applied correctly the pertinent summary-judgment standard. Contrary to Plaintiff's assertions, nothing evidences that the district court engaged improperly in weighing the evidence or in making impermissible credibility determinations.

*A. Race Discrimination*

Title VII makes it unlawful for an employer to discriminate on the basis of an employee's race. *See* 42 U.S.C. § 2000e-2(a)(1). Both Title VII and section 1981 "have the same requirements of proof and use the same analytical framework." *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998). Plaintiff bears the ultimate burden of proving -- by a preponderance of the evidence

22-11560 Opinion of the Court 5

-- that Defendants discriminated unlawfully against her. *See Crawford v. Carroll*, 529 F.3d 961, 975 (11th Cir. 2008).

To survive a motion for summary judgment, a plaintiff asserting a claim for unlawful discrimination in violation of Title VII "must present sufficient facts to permit a jury to rule in her favor." *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1220 (11th Cir. 2019) (*en banc*). A plaintiff may satisfy her burden in three ways: (1) by presenting direct evidence of discriminatory intent; (2) by satisfying the *McDonnell Douglas*[1] burden-shifting framework; and (3) by presenting "a 'convincing mosaic' of circumstantial evidence that warrants an inference of intentional discrimination." *Id.* at 1220, n.6.; *see Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011) (addressing the "convincing mosaic" standard).

Under the *McDonnell Douglas* framework, the plaintiff must first establish a *prima facie* case of discrimination, which creates a presumption of unlawful discrimination against the employee. *See Lewis*, 918 F.3d at 1220, 1222. The employer may then rebut that presumption by articulating legitimate, nondiscriminatory reasons for the adverse employment acts. *Id.* at 1221. The burden then shifts to the employee to produce evidence sufficient to create a genuine issue of material fact that the employer's articulated reasons are a pretext for unlawful discrimination. *Id.*

Here, the district court concluded that Plaintiff established a *prima facie* case of race discrimination. An employee establishes a

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

*prima facie* case of discrimination by showing four elements: "(1) that she belongs to a protected class, (2) that she was subjected to an adverse employment action, (3) that she was qualified to perform the job in question;" and (4) that she was treated less favorably by her employer than "similarly situated" employees outside the protected class or was replaced by someone outside her protected class. *Lewis*, 918 F.3d at 1220-21; *Cuddeback v. Fla. Bd. of Educ.*, 381 F.3d 1230, 1235 (11th Cir. 2004) (listing the *prima facie* elements for discriminatory discharge). That Plaintiff satisfied the first three elements is undisputed. About the fourth element, the district court determined that the evidence -- viewed in Plaintiff's favor -- showed that Plaintiff had been replaced by a person (Knowles) outside Plaintiff's protected class.[2]

The burden then shifted to Defendants to articulate a legitimate, nondiscriminatory reason for deciding not to renew Plaintiff's contract. Defendants contended that, beginning in March 2018, they developed concerns about whether sufficient funding would be available to continue the Alternative Programs for the 2018-19 school year. In the light of this uncertainty, Defendants

---

[2] The district court determined, however, that Plaintiff was unable to establish a *prima facie* case on grounds that she was treated less favorably than was a similarly-situated person outside her protected class. Plaintiff raised no challenge to this determination in her initial appellate brief. To the extent Plaintiff seeks to raise this argument for the first time in her reply brief, that argument is not properly before us. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 683 (11th Cir. 2014) (declining to address an argument raised for the first time in a reply brief).

Case 1:20-cv-00532-CG-B   Document 48   Filed 06/23/23   Page 7 of 13   PageID #: 971
USCA11 Case: 22-11560   Document: 26-1   Date Filed: 06/23/2023   Page: 7 of 11

22-11560               Opinion of the Court                    7

decided (1) not to renew the contracts for any non-tenured teacher assigned to the three Alternative Programs, and (2) to consolidate and restructure the Alternative Programs as a cost-saving measure.

Once Defendants identified a legitimate, nondiscriminatory reason for the employment decision, the burden shifted back to Plaintiff to demonstrate "that the reasons given by the employer were not the real reasons for the adverse employment decision." *See Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (*en banc*). When -- as in this case -- the employer's "proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *See id.* at 1030. To satisfy her burden of showing pretext, the employee must demonstrate "'weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions' in the employer's rationale." *See Holland v. Gee*, 677 F.3d 1047, 1055-56 (11th Cir. 2012). Plaintiff has failed to do so.

Plaintiff contends that Defendants' proffered reason is contradicted by evidence that the State Department of Education made a verbal commitment to provide three years of state funding. The record demonstrates, however, that the State's verbal commitment applied only to funding the STAR program: not all programs.

Undisputed evidence demonstrates that -- when Defendants made the complained-of employment decision (non-renewal) in May 2018 -- Defendants had no guaranteed source of funding to continue operating all three Alternative Programs the following

Case 1:20-cv-00532-CG-B   Document 48   Filed 06/23/23   Page 8 of 13   PageID #: 972
USCA11 Case: 22-11560   Document: 26-1   Date Filed: 06/23/2023   Page: 8 of 11

8                          Opinion of the Court                     22-11560

school year. Defendants presented evidence that the mental healthcare provider that had partnered with the Board in running the COMPASS program in the past had expressed doubt about its continued involvement for the 2018-19 school year. Absent that relationship, the Board would have been unable to secure funding for the COMPASS program. Meanwhile, the Alternative School was funded largely by local (not state) funds in amounts that varied from year to year.

As purported evidence of pretext, Plaintiff also points to a statement made by Amy Cabaniss (an administrator who oversaw the Alternative Programs) that Cabaniss was unaware that the Alternative School had been in danger of closing. This statement -- limited to the Alternative School site -- is not inconsistent with evidence showing that Defendants (1) were concerned about the overall funding available to operate *all three* Alternative Programs for the 2018-19 school year and (2) believed it was necessary not to renew the contracts for existing non-tenured teachers and to restructure the programs.

On this record, Plaintiff's evidence failed to show that Defendants' proffered reason was so implausible, inconsistent, or incoherent that a reasonable factfinder could infer that the reason was not the true reason and was, instead, a pretext for unlawful discrimination.

We also reject Plaintiff's contention that she demonstrated unlawful race discrimination under a "convincing mosaic" theory. "A 'convincing mosaic' may be shown by evidence that

Case 1:20-cv-00532-CG-B   Document 48   Filed 06/23/23   Page 9 of 13   PageID #: 973
USCA11 Case: 22-11560   Document: 26-1   Date Filed: 06/23/2023   Page: 9 of 11

22-11560               Opinion of the Court                9

demonstrates, among other things, (1) 'suspicious timing, ambiguous statements . . ., and other bits and pieces from which an inference of discriminatory intent might be drawn,' (2) systematically better treatment of similarly situated employees, and (3) that the employer's justification is pretextual." *Lewis v. City of Union City*, 934 F.3d 1169, 1185 (11th Cir. 2019). In this case, Plaintiff has failed to produce evidence sufficient to demonstrate that Defendants' stated reason for not renewing Plaintiff's contract was pretextual: she cannot satisfy her burden of showing unlawful discrimination under a "convincing mosaic" theory.

### B. Retaliation

Apart from prohibited discrimination, employers are also barred from retaliating against an employee because of the employee's opposition to an employment practice made unlawful under Title VII or section 1981. *See* 42 U.S.C. § 2000e-3(a); *Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1257-58 (11th Cir. 2012). We apply the *McDonnell Douglas* burden-shifting framework to retaliation claims based on circumstantial evidence. *See Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1181 (11th Cir. 2010).

To establish a *prima facie* case for retaliation under Title VII or section 1981, a plaintiff must show that she engaged in statutorily protected activity and that she suffered a materially adverse employment act that was causally related to the protected activity. *Chapter 7 Tr.*, 683 F.3d at 1258.

The district court committed no error in concluding that Plaintiff engaged in no statutorily-protected activity. The record

shows that Plaintiff, before her contract was not renewed, had voiced complaints about the timing of her pay increase upon earning her master's degree and complaints about her assigned duties compared with the job duties assigned to Steele. None of Plaintiff's written complaints mentioned race or racial discrimination. And nothing evidences that Plaintiff's written or verbal complaints otherwise indicated Plaintiff was contending that she was being treated differently because of her race. Absent any allegation about discrimination based on a protected ground, Plaintiff's grievances alleging unfair treatment were not statutorily-protected conduct. *See Coutu v. Martin Cty. Bd. of Cty. Comm'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995) ("Unfair treatment, absent discrimination based on race, sex, or national origin, is *not* an unlawful employment practice under Title VII." (emphasis in original)).

Plaintiff also says she engaged in protected conduct when she complained that her son (a student in the Escambia County school system) had been the target of racial discrimination. Plaintiff's complaints about her son, however, were not made in opposition to an *employment practice* made unlawful under Title VII or to discrimination in the making and enforcement of contracts in violation of section 1981. *Cf. Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 959 (11th Cir. 1997) (stating that "not every act by an employee in opposition to racial discrimination is protected" and that "[t]he opposition must be directed at an unlawful employment practice of an employer").

| 22-11560 | Opinion of the Court | 11 |
|---|---|---|

Even if Plaintiff could make out a *prima facie* case of retaliation (which she has not), Defendants have offered a legitimate, non-retaliatory reason for not renewing Plaintiff's contract: uncertainty about funding. As we have already discussed, Plaintiff has failed to present ample evidence that Defendants' stated reason was pretextual.

AFFIRMED.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 23, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 22-11560-AA
Case Style: Aubrina Bowens v. Escambia County Board of Education, et al
District Court Docket No: 1:20-cv-00532-CG-B

All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. <u>Although not required</u>, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. <u>See</u> 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. <u>See</u> 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>
General Information: 404-335-6100      Attorney Admissions:      404-335-6122

| | | | |
|---|---|---|---|
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion